UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 01 No. _____ 1072 CR-MORENO

18 U.S.C. § 1546 (a)          MAGISTRATE JUDGE
18 U.S.C. § 2                          DUBÉ

UNITED STATES OF AMERICA,          )
                                                        )
v.                                                      )
                                                        )
ROY AZIM,                                        )
a/k/a Orozakhun Faizievich Saidazimov,  )
                                                        )
              Defendant.                        )
_____  )

## INDICTMENT

The Grand Jury charges that:

On or about May 28, 1997, at the United States United States Embassy in Moscow, Russia, and elsewhere, the defendant,

**ROY AZIM,**
**a/k/a Orozakhun Faizievich Saidazimov,**

did knowingly and willfully use, possess, obtain, accept and receive a Department of State immigrant visa, which document is one prescribed by statute or regulation for entry into and or evidence of authorized stay and employment in the United States, knowing it to have been procured by means of a false statement, in that the application for visa stated that ROY AZIM, a/k/a Orozakhun Faizievich Saidazimov had never been previously arrested for any offense or crime, when in truth and in fact, ROY AZIM, a/k/a Orozakhun Faizievich Saidazimov well knew that  he had been



previously arrested for an offense and crime, said visa having been used by the defendant to enter the United States on or about June 6, 1997, in New York, New York, and the defendant having been arrested in the Southern District of Florida for violation of Title 18, United States Code, Section 1546(a).

All in violation of Title 18, United States Code, Section 1546 (a) and 2.

A TRUE BILL

_____

FOREPERSON

_____

GUY A. LEWIS
UNITED STATES ATTORNEY

_____

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**          **0** C**1**SE NO. **1072** CR-MORENO

v.                                                                    MAGISTRATE JUDGE
                                                                         DUBÉ

**ROY AZIM,**                          **CERTIFICATE OF TRIAL ATTORNEY***
a/k/a Orozakhun Faizievich Saidazimov

                                       **Superseding Case Information:**
**Court Division:** (Select One)       New Defendant(s)          Yes _____   No _____
                                       Number of New Defendants        _____
  _X_   Miami    _____  Key West       Total number of counts          _____
  _____ FTL      _____  WPB _____ FTP

        I do hereby certify that:

   1.   I have carefully considered the allegations of the indictment, the number of
        defendants, the number of probable witnesses and the legal complexities of the
        Indictment/Information attached hereto.

   2.   I am aware that the information supplied on this statement will be relied upon by the
        Judges of this Court in setting their calendars and scheduling criminal trials under the
        mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

   3.   Interpreter:     (Yes or No) _NO_____
        List language and/or dialect _____English_____

   4.   This case will take _2-3__ days for the parties to try.

   5.   Please check appropriate category and type of offense listed below:
        (Check only one)                          (Check only one)
   I    0  to  5 days          __X__             Petty        _____
   II   6  to 10 days          _____           Minor        _____
   III  11 to 20 days          _____           Misdem.      _____
   IV   21 to 60 days          _____           Felony       __X____
   V    61 days and over       _____

   6.   Has this case been previously filed in this District Court? (Yes or No) _No___
        If yes:
        Judge: _____  Case No. _____
        (Attach copy of dispositive order)

        Has a complaint been filed in this matter?(Yes or No) _____Yes_____
        If yes:
        Magistrate Case No. _01-3622-Palermo_____
        Related Miscellaneous numbers: _____
        Defendant(s) in federal custody as of 10/16/01_____
        Defendant(s) in state custody as of _____
        Rule 20 from the _____  District of _____

        Is this a potential death penalty case? (Yes or No) _____No_____

   7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
        April 1, 1999? ___Yes  _x_ No   If yes, was it pending in the Central Region? ___ Yes___ No

   8.   Did this case originate in the Narcotics Section, Miami?___ Yes _X_ No

                                       _____
                                       MICHAEL J. DITTOE
                                       SPECIAL ASSISTANT UNITED STATES ATTORNEY
                                       Florida Bar No. A5500209

*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

01 **1072** CR-MORENO

Defendant's Name:_____Roy Azim_____   No.:_____

MAGISTRATE JUDGE
DUBÉ

Count # 1:
<u>False statement in application for Visa; in violation of 18 U.S.C. § 1546(a)</u>

<u>*Max Penalty: 10 years' maximum imprisonment; $250,000 fine</u>

Count # :


*Max Penalty:


Count # :


*Max Penalty:

FILED by ___
01 NOV 29 PM 2: 17
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. MIAMI

Count #:


*Max Penalty:


Count # :


*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

FORM DBD-34
JUN 85

FGJ 00-05(MIA)

05-mcn-539.

FL

No. 01 1072 CR-MORENO

MAGISTRATE JUDGE
DUBÉ

UNITED STATES DISTRICT COURT
Southern District of Florida
Central Criminal Division

THE UNITED STATES OF AMERICA

vs.

ROY AZIM,
a/k/a Orozakhun Faizievich Saidazimov,

INDICTMENT

18 U.S.C. § 1546(a)
18 U.S.C. § 2

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 19 ____

_____
Clerk

Bail, $ _____



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  01-3622-PALERMO

UNITED STATES OF AMERICA,

vs.                                    **ORDER ON HEARING TO**
ROY AZIM                               **REPORT RE COUNSEL**

_____

        The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

        _____ Private counsel_____
                   appeared in open court and is noted as permanent
                   counsel of record.

        _____ The defendant requested Court appointed counsel, was
                   found eligible, and counsel will be appointed by
                   separate order.

        _____ The defendant requested Court appointed counsel but
                   was found ineligible, and shall appear before the
                   Court on _____
                   at 10:00 a.m. to report regarding his/her further
                   efforts to retain counsel, unless counsel notices a
                   permanent appearance before that date.

        ____✔____ The defendant requested further time to retain
                   counsel and shall appear before the Court on
                   __12/3/01_____ at 10:00 a.m. to report
                   regarding his/her further efforts to retain counsel,
                   unless counsel notices a permanent appearance before
                   that date.

        ____✔____ The arraignment is reset to _12/3/01_ at 10:00 a.m.

**DONE AND ORDERED** at Miami, Florida this __6TH_____ day of

__NOVEMBER_____, 2001.

TAPE NO. 01C 75-150

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    BARRY L. GARBER

c. Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal
   AUSA  Ditto

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: *ASH 801105*

CASE NO.: *01- 3622-CR-Palermo*

UNITED STATES OF AMERICA
        Plaintiff,

v.

_____ Defendant,

*Roy Azim*_____

FILED by ___ D.C.

OCT 19 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ *500,000 CSB* _____

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

    4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT: *Roy Azim*
CASE NUMBER: *01-3622-Cr-Palermo*
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

**X** a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

**X** b. Report to Pretrial Services as follows: ( ) *as directed* or _2_ ~~times in person and~~ _X_ times by telephone;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or ( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

____ Curfew: You are restricted to your residence every day from _____ to _____, or as directed by the Court.

____ Home Detention: You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____

**X** p. May travel to and from: *restricted to Southern* _____, and must notify Pretrial Services of travel plans before leaving and upon return. *District of Florida*

**X** q. Comply with the following additional conditions of bond:
*Maintain Residence* _____

DEFENDANT: *Roy Azin*
CASE NUMBER: *01-3622-Cr-Pateemo*
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3)  any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4)  a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Roy Azim*

CASE NUMBER: *01-3622-Cr-Palmerino*

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by their surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this *17* day of *OCTOBER 2001*, 19 __, at X *Miami Dade County*, Florida.

Signed and acknowledged before me:

WITNESS: *Philip A. Rosen*

ADDRESS: *9719 South Dixie Hwy Suite #12 Miami Dade, FL* ZIP *33156*

DEFENDANT: (Signature)

ADDRESS: *445 Grand Bay Drive PH-2B/Key Biscayne, FL* ZIP *33149*

TELEPHONE: *305/789-5989*

### CORPORATE SURETY

Signed this *19* day of *October 2001*, 19 __, at *Miami Dade County*, Florida.

SURETY: *Action Bail Bnds, Inc.*

ADDRESS: *1133 S.E. 3rd Ave, Ft. Lauderdale, FL* ZIP *33316*

AGENT: (Signature) *Edward Acheson*

PRINT NAME: *Edward Acheson*

TELEPHONE: *954/469-8888*

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 19 __, at _____

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP
    TO DEFENDANT: _____

ADDRESS: _____
_____ ZIP ____

TELEPHONE: _____

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP
    TO DEFENDANT: _____

ADDRESS: _____
_____ ZIP ____

TELEPHONE: _____

### APPROVAL BY COURT

Date: *10/19/01*

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: *FB 3111*

CASE NO.: 01-3622-Cr-Palermo

UNITED STATES OF AMERICA
        Plaintiff,

v.

   Roy Azim     Defendant,

67884-004

FILED by _____ D.C.
MAG. SEC.

OCT 19 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ *200,000. CSB* .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

DEFENDANT: _____  Roy Azim
CASE NUMBER: 01-3622-Cr-Palermo
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: (  ) *as directed or* __2__ *times in person and* __2__ *times by telephone;* 2X me

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which (  ) **will not** or (  ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* (  ) or paid for by Pretrial Services (   ).

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for:  (  ) **medical needs or treatment,** (  ) **court appearances,**  (  ) **attorney visits or court ordered obligations, and** (  ) **other** _____.

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: (  ) **employment;** (  ) **education;** (  ) **religious services;** (  ) **medical, substance abuse, or mental health treatment;** (  ) **attorney visits;** (  ) **court appearances;** (  ) **court ordered obligations;** (  ) **reporting to Pretrial Services; and** (  ) **other** _____

X p. May travel to and from: restricted to Southern , and must notify Pretrial Services of travel plans before leaving and upon return.  District of Florida

X q. Comply with the following additional conditions of bond:
Maintain Residence _____
_____

DEFENDANT: <u>Roy Azim</u>
CASE NUMBER: <u>01-3622-Cr-Palermo</u>
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Azim, Roy

CASE NUMBER: 01-3622-Cr-Palermo

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 17th day of October 2001, 19 __, at Miami-Dade County, Florida.

Signed and acknowledged before me:

WITNESS:

ADDRESS: 9719 South Dixie Hwy., Suite #12

Miami-Dade, Fl   ZIP 33156

DEFENDANT: (Signature)

ADDRESS: 445 GRAND BAY DRIVE

PH-2B  Key Biscayne, FL   ZIP 33149

TELEPHONE: 305/789-5989

### CORPORATE SURETY

Signed this 19th day of October 2001, 19 __, at Miami-Dade County, Florida.

SURETY: Ronca Bail Bonds, Inc.

ADDRESS: 9719 South Dixie Highway, Suite #12

Miami-Dade, Fl   ZIP 33156

AGENT: (Signature)

PRINT NAME: Phillip A. Ronca

TELEPHONE: 305/ 661-6667

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 19 __, at _____

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP
   TO DEFENDANT: _____

ADDRESS: _____
_____ ZIP _____

TELEPHONE: _____

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP
   TO DEFENDANT: _____

ADDRESS: _____
_____ ZIP _____

TELEPHONE: _____

### APPROVAL BY COURT

Date: 10/19/01

UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

THE FACE OF THIS DOCUMENT HAS A COLORED SECURITY BACKGROUND AND MICRO PRINTING - THE REVERSE SIDE OF THIS DOCUMENT HAS A WATERMARK

## POWER OF ATTORNEY

## American Surety Company
d/b/a American Underwriters Surety Company
P.O. Box 68932, Indianapolis, IN 46268

AS# 801105

**POWER AMOUNT**
$500,000.00

KNOW ALL MEN BY THESE PRESENTS: that AMERICAN SURETY COMPANY d/b/a American Underwriters Surety Company, a corporation duly authorized and existing under the laws of the State of California, does constitute and appoint the below named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, and deliver for and on its behalf as surety, a bail bond only.

Authority of such Attorney-in-Fact is limited to appearance bonds. No authority is provided herein for the execution of surety immigration bonds or to guarantee alimony payments, fines, wage law claims or other payments of any kind on behalf of below named defendant. The named agent is appointed only to execute the bond consistent with the terms of this power of attorney. The agent is not authorized to act as agent for receipt of service of process in any criminal or civil action.

This power is void if altered or erased or used in any combination with other powers of attorney of this company or any other company to obtain the release of the same defendant named below or to satisfy any bond requirement in excess of the stated face amount of this power. This power can only be used once. The obligation of the company shall not exceed the sum of

**Five Hundred Thousand ($500,000.00) Dollars**

and provided this Power-Of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power-Of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, AMERICAN SURETY COMPANY d/b/a American Underwriters Surety Company has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _____ day of _O C T_ 2001.

Bond Amount $ _300,000_

Defendant: _ROY AZIM_  Appearance Date _____

Court _SO. DISTRICT_  Case # _01-3022-CR-PA(VSEVER)_

County _DADE_  City _MIAMI_  St. _FL._ Zip _____

Offense _____

Executing Agent _____

**AMERICAN SURETY COMPANY**
d/b/a American Underwriters Surety Company

Chief Executive Officer   ASC-FL-9H



FB 3111

IT IS UNLAWFUL TO PRINT THIS FORM WITH-OUT WRITTEN CONSENT OF HOME OFFICE

# FIRST COMMUNITY INSURANCE COMPANY

P.O. Box 15707, Suite 1320 ■ St. Petersburg, FL 33733

## FEDERAL POWER OF ATTORNEY

THE LIABILITY OF THE COMPANY SHALL NOT EXCEED THE SUM 200,000 DOLLARS 00 CTS

KNOW ALL MEN BY THESE PRESENTS: that First Community Insurance Company, a corporation duly organized and existing under the laws of the State of New York, has made pursuant to Article IV, Section 2 of the By-Laws, which was adopted by the Directors of the said company, and is now in effect, does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT, AND PROVIDED THIS Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, FIRST COMMUNITY INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _19th_ day of _OCTOBER_ 2001

FIRST COMMUNITY INSURANCE COMPANY

_____
Robert G. Menke, President

Bond Amount $ _200,000_ _____ Appearance Date _____

Defendant _Roy Azin_ _____ S.S. # _____

Date of Birth _04/01/57_ _____

Court _So. District_ City _Miami_ State _Florida_

Case # _01-3628 Cr. Palermo_

Offense _____

IF NOT USED BEFORE DEC 31 - 01

FILED BY

01 OCT 19  AM 10: 30

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 01-3622-PALERMO

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

ROY AZIM,
        Defendant.
_____/

FILED by _____ D.C.
MAG. SEC.
OCT 19 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

This cause came before the Court and pursuant to proceedings

held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

*The Court finds that the nebbia condition is satisfied*

**DONE AND ORDERED** at Miami, Florida this ___19___ day of

OCTOBER ____, 2001____ .

TAPE NO:01A-*106-398*

PETER R. PALERMO
**UNITED STATES MAGISTRATE JUDGE**

        AUSA
c:   Defense Counsel
     U.S. Marshal Service
     Pretrial Services

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  01-3622-Cr-Palermo
Magistrate Judge Peter R. Palermo

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                                    NEBBIA PROFFER

ROY AZIM,

                    Defendant.
_____/

Pursuant to this Court's Order of October 17, 2001, setting a $500,000 corporate surety bond, the Defendant submits this proffer in support of the Nebbia requirement.  The bond collateral and bond premium have been approved by Phil Ronca Bail Bonds, Inc.

1.      **Bond Premium**.  The bond premium for the corporate surety bond is being paid by the following:

        A.      Mr. Azim's Credit Suisse First Boston investment account.  An affidavit from Mr. Azim's accountant, Jeffrey H. Yager in support of the source of the bond premium is attached.

2.      **Bond Collateral.**

        A.      The Defendant, Roy Azim, is posting his home located at 445 Grand Bay Drive, PH-2B, Key Biscayne, Florida 33149.

        B.      Phillip Anthony Ronca, President of Ronca Bail Bonds, Inc., with offices located at 9719 South Dixie Highway, Suite #12, Miami, Florida 33156, and

*United States of America v. Roy Azim*
Case No.  01-3622-Cr-Palermo

phone number 305/661-6667, examined the public records for the collateral pledged on behalf Mr. Azim.

      C.    The property located at 445 Grand Bay Drive, PH-2B, Key Biscayne, Florida 33149, was purchased in October 1997, in the amount of $1,275,000.00.

      D.    According to the Miami-Dade County Property Appraiser's Office, the market value of the property was assessed at $1,147,610.00 for the calendar year 2001 (See attached Property Appraiser's Report).

      E.    There is record of any outstanding mortgage.

    3.    This presentation should assure the Court and the Government of the legitimacy of the sources of the bond premium and collateral.

             Respectfully submitted,

             **JAYNE C. WEINTRAUB, P.A.**
             100 S. E. 2nd St., Suite 3550
             Miami, FL  33131
             Phone:  (305) 374-1818
             Facsimile: (305) 358-5917

By: _____
          **Jayne C. Weintraub, Esq.**
          **Florida Bar No. 320382**

2

*United States of America v. Roy Azim*
Case No.  01-3622-Cr-Palermo

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by hand this ___18ᵗʰ___ day of October , 2001 to the United States Attorney's Office,  99 N. E. 4ᵗʰ St. Miami, FL 33132.

By:_____
**Jayne C. Weintraub, Esq.**

3

STATE OF NEW YORK

COUNTY OF NEW YORK

### NEBBIA AFFIDAVIT FOR BOND PREMIUM

JEFFREY H. YAGER, being duly sworn, deposes and says:

1.      I am a United States citizen and have been living in the United States my entire life. I am a Certified Public Accountant ("CPA"), duly licensed in the State of New York. I am a Managing Director of American Express Tax and Business Services, Inc. My office address is 1185 Avenue of the Americas, New York, New York 10036-2602, and my office telephone number is (212) 372-1269.

2.      For approximately four (4) years I have been the accountant for Roy Azim and his business, International Consultants, LLC. As such, I have performed many professional services for Mr. Azim and his business, including preparing tax returns, receiving and reviewing account statements, and making payments by check and wire for expenses of both Mr. Azim and International Consultants, LLC.

3.      Mr. Azim has an investment account at Credit Suisse First Boston ("CSFB") in Switzerland, which is managed by CSFB. Mr. Azim has had the CSFB account since I have worked with him, and the profits earned on the CSFB account have been reported on his personal tax returns that I have prepared for him.

4.      I have reviewed the account statements for Mr. Azim's CSFB account. There have been no substantial deposits made into the account during the past three years. The additions to the account consist only of the interest, dividends and appreciation earned from the investments.

5.      Mr. Azim's CSFB account is a managed investment account that is managed by CSFB. From my years in the financial services business, I know CSFB to be one of the largest

investment banking firms in the world. The CSFB account has been well managed, and as a result has earned substantial profits. Mr. Azim's income from the CSFB account, as reflected on his tax returns, in 1998 was $359,422, in 1999 was $96,860, and in 2000 was $110,914. The total profits on Mr. Azim's CSFB account during that time period was $567,196.

6.      $75,000 will be transferred from his CSFB account to pay the bail bond premium of $75,000.

7.      By this affidavit, I give permission for the Court or the Clerk's Office to call me and verify this information. Attached to this affidavit are copies of statements from Mr. Azim's CSFB account.

Jeffrey H. Yager

Sworn to before me this
18th day of October, 2001

PETER W. TESTAVERDE, JR.
Notary Public, State of New York
No. 31-4605272
Qualified in New York County
Commission Expires March 30, 19
12/31/0?

22151421.02

06-18-01  14:05  From-T612                                    T-989  P.05/16  F-403

Attn. Jeffrey Yager

best regards,

*[signature]*

Oct. 16, 2001

**STATEMENT OF INVESTMENTS**

VAN

VALUED AT MARKET VALUE

| | ESTABLISHED ON | 17.10.2001 |
| --- | --- | --- |
| | ENTRIES UP TO | 16.10.2001 |
| | WITH PRICES AS OF | 16.10.2001 |
| | P/L-PERIOD | 01.01.2001-31.12.2001 |

REFERENCE CURRENCY:   USD
EVALUATION CURRENCY:   USD

SUMMARY ACCORDING TO INVESTMENT CATEGORIES

| INVESTMENTS | PAGE | NOMINAL VALUES USD | % | TAXABLE ASSETS USD | % | TOTAL USD | % |
| --- | --- | --- | --- | --- | --- | --- | --- |
| LIQUIDITY | | | | | | | |
| INVESTMENTS UP TO ONE YEAR | 2 | 39,400 | 3.85 | | | 39,400 | 3.85 |
| BONDS & SIMILAR INVEST. | 2 | 109,360 | 7.63 | | | 109,360 | 7.63 |
| SHARES & SIMILAR INVEST. | 2 | 935,015 | 70.94 | | | 935,015 | 70.94 |
| ALTERNATIVE INVESTMENTS | 4 | | | 192,865 | 14.67 | 192,865 | 14.67 |
| | 4 | | | 49,465 | 3.76 | 49,465 | 3.76 |
| T O T A L | | 1,072,775 | 81.87 | 242,330 | 18.43 | 1,315,105 | 100.00 |
| OF WHICH ACCRUED INTEREST | | | | | | 26,766 | |
| SHORT ANALYZER LOANS | | | | | | | |

STATEMENT OF INVESTMENTS

REFERENCE CURRENCY   USD

| PAV NUMBER | DESIGNATION SEC.-NO (V) | ISIN | DUE DATE CONVERS. FROM/TO | ANTICIPATED REPAYMENT ON DURATION (Y) | REPAYMENT PRICE | GROSS YIELD | PRICE | QUOT.VAL.(QV) ACCRUED INT. TO | SHARE ON QV | AV.PRCHS PRICE -SECURITY -CURRENCY | NON REAL. P/L |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ----- L I Q U I D I T Y ----- | | | | | | | USD | % | | % |
| JPY 0.229 | TRANSACTION ACCOUNT FOR MANDATE | | | | | | | 60 | 0.01 JPY/USD0.00910 | | 0.00+ 1.23+ 1.25+ |
| | ----- L$ DOLLARS / BONDS ----- | | | | | | | | | | |
| | ----- INVESTMENTS UP TO ONE YEAR ----- | | | | | | | | | | |
| USD 34,331.79 | TRANSACTION ACCOUNT FOR MANDATE | | | | D | 8.00 | | 59,332 | 2.99 | | 0.00+ 0.00+ 0.00+ |
| USD 100,100 | 3.0% FIXED. TIME DEPOSIT CHFR DEPOSIT CHFR F TIME./OH ST. 04.01.02-04.12.02 | | | | D | 3.99 | | 100,000 360 | 7.63 | | |
| | ----- B O N D S   A   S I M I L A R   INVEST. ----- | | | | | | | | | | |
| USD 60,100 | 4 1/2 % THE EXPORT-IMPORT BANK OF JAPAN (EX) JAPAN FOR INTERNATIONAL COOPERATION -JBIC-) 1999-6.10.05 V 08000220   X18088062572 | | 06.10. A | E | 3.97 | 4.6 6.37 | 107.527AV | 64,392 106 | 4.99 | 100.00% | 4.97+ 0.35+ 5.57+ |
| USD 80,100 | 4 % PROVINCE OF ONTARIO 1996-21.2.06 V 08009738   U18833240A30 | | 21.02. S | E | 3.88 | 4.6 6.40 | 106.597PA | 85,032 753 | 5.22 | 99.62% | 0.35+ 0.2%+ 0.55+ |
| USD 40,100 | 5 7/8 % REPUBLIC OF FINLAND 1996-27.2.06 V 08009782   U08878873A84 | | 27.02. S | E | 3.90 | 4.2 6.34 | 106.488PA | 43,820 610 | 6.09 | 99.66% | 7.42+ 0.60+ 7.62+ |
| USD 60,100 | 7 % NOTES TOYOTA MOTOR CREDIT CONV. 1997-15.5.07 SENIOR V 0001AA32   X30671AH10A | | 15.06. A | F | 4.57 | 5.0 6.97 | 109.272PA | 43,392 1,498 | 5.09 | 100.16% | 9.08+ 0.20+ 9.00+ |
| USD 60,500 | 5 1/8 % EURO MEDIUM-TERM NOTES GENERAL ELECTRIC CAPITAL CORP. SNIC 1994-13.5.05 SENIOR V 0007AD430   X30671200H13 | | 3.13 | E | 4.3 5.83 | | 106.232AU | 62,630 1,494 | 4.06 | 100.03% | 3.14+ 0.14+ 3.00+ |
| USD 60,500 | 5 3/4 % EURO MEDIUM-TERM NOTES KFW INTERNATIONAL FINANCE INC. 1990-15.1.05 V 0008AA33   X3008362660 | | 5.00 | N | 4.7 6.31 | | 106.637A7A | 62,625 2,264 | 6.17 | 99.45% | 9.23+ 0.00+ 9.23+ |
| CONVERSION RATES | JPY 1 = USD 0.00924 / USD 1 = JPY 123.5204 | | | | | | | | USD % | PAGE 2/17.15.260) | |

STATEMENT OF INVESTMENTS

VAT                    REFERENCE CURRENCY   USD

PAGE   3/17.10.2001

| FUND/ NUMBER | DESIGNATION SEC. NO (V) | ISIN | ISSUE DATE CONVERS. FROM/TO | ANTICIPATED REPAYMENT OR DURATION (P) | REPAYMENT PRICE | GROSS YIELD MP CP | | PRICE | QUOT.VAL.(QV) ACCRUED INT. TO | USD | SHARE OF QV | AV.PCHS PRICE SECURITY REAL.-CURRENCY | NON REAL. P/L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | % | % | | | | % | | % |
| USD | 10,000  5 5/8 % EURO MEDIUM-TERM NOTES EUROPEAN INVESTMENT BANK EUR 1999-3.2.05 V 004497VL  XS0085391193 | | 03.02. A | 2.69 | F | 7.0 | 5.53 | 105.320FA | 67,193 2,572 | 4.99 | 98.68% | 4.66+ 0.00+ 6.86+ |
| USD | 70,000  4 % EURO MEDIUM-TERM NOTES 1999-31.07.06 V 010480V7  XS0085099658 | | 31.07. A | 4.78 | F | 5.4 | 5.89 | 102.63XXI 13.30.01 | 71,837 2,668 | 5.48 | 98.33% | 8.77+ 0.00+ 8.77+ |
| USD | 84,000  4 X EURO MEDIUM-TERM NOTES NV BANK NEDERLANDSE GEMEENTEN NV, DEN HAAG 1999-6.2.06 V 010645V7  XS0086815263 | | 06.02. A | 5.82 | F | 4.0 | 6.78 | 106.257FA | 85,060 3,353 | 6.72 | 96.63% | 10.96+ 0.00+ 10.86+ |
| USD | 50,000  5 5/8 X CANADA 1999-19.9.03 V 008031445  US135087VD24 | | 19.98. S | 1.30 | B | 2.7 | 5.59 | 101.746GAV | 53,772 443 | 5.98 | 99.10% | 4.06+ 0.00+ 4.06+ |
| USD | 61,000  EURO MEDIUM-TERM NOTES NEDERLANDSDUTSCHE LANDESBANK CAPITAL MARKETS PLC (NEW LANDESBANK BADEN-WUERTTEMBERG) CAPITAL MARKETS PLC 1999-23.3.05 SENIOR V 004561V9  XS0086542V47 | | 23.03. A | 2.89 | B | 4.0 | 6.17 | 104.0492AV | 63,627 2,030 | 4.99 | 99.15% | 4.95+ 0.00+ 4.95+ |
| USD | 50,000  3 3/4 % EURO MEDIUM-TERM NOTES GENERAL ELECTRIC CAPITAL CORP. GECC 1999-4.44 SENIOR V 008584VL  XS088670V79 | | 04.04. A | 2.25 | E | 3.8 | 5.66 | 104.448XAV | 52,200 1,517 | 4.09 | 101.83% | 2.82+ 0.00+ 2.62+ |
| USD | 60,000  3 3/8 X NOTES MERRILL LYNCH & CO. INC. 1999-5.4.98 SENIOR V P00771VN  XS9088582L1 | | 05.04. A | 5.85 | E | 5.7 | 6.76 | 101.0442VW | 63,823 2,973 | 4.86 | 97.80% | 5.60+ 0.00+ 5.80+ |
| USD | 64,000  4 5/8 X EURO MEDIUM-TERM NOTES LANDWIRTSCHAFTLICHE RENTENBANK 2000-6.12.05 V 001162V7L  XS0213116869 | | 03.12. A | 3.44 | E | 4.3 | 5.53 | 100.0032AV | 63,646 3,491 | 3.21 | 100.13% | 3.79+ 0.00+ 3.79+ |

Oct-15-01  14:06   From-1512                                    1-858  P.087/?   F-403

STATEMENT OF INVESTMENTS

REFERENCE CURRENCY   USD

VAT

| PANS/ NUMBER | DESIGNATION SEC.-NO (V) ISIN | DUE DATE CONVERS. FRM/TO | ANTICIPATED REPAYMENT PRICE ON DURATION (P) | GROSS YIELD NP CP | PRICE | QUOT.VAL (QP) ACCRUED INT. TO USD % | AV.PCHS PRICE -SECURITY- CURRENCY | NON REAL. P/L % |
|---|---|---|---|---|---|---|---|---|
| ----- S H A R E S & S I M I L A R   I N V E S T . ----- | | | | | | | | |
| ----- UNITED STATES (USA) ----- | | | | | | | | |
| 100 | TRUST UNITS STANDARD & POOR'S DEPOSITARY RECEIPTS TRUST SERIES -1- V 00442086 US7846739024 | | 0 | 1.3  1.29 USD | 110.09 PA | 69,390 | 6.69  USD  123.65 | 11.05- 0.00+ 11.05- |
| 100 | NASDAQ-100 SHS NASDAQ-100 TRUST SERIES 1 REGR. ANNUAL 1/4TH VALUE OF NASDAQ 100 INDEX V 00603274 US63110113 | | 0 | 0.0  0.00 USD | 36.94 PA | 17,440 | 1.38  USD  44.85 | 20.57- 0.00+ 20.57- |
| 400 | SHS TYCO INTERNATIONAL LTD. BERMUDA USD 0.2 V 00674478 BMG8841M1064 | | 0 | 0.1  0.20 USD | 40.59 PA | 19,630 | 1.46  USD  52.98 | 0.00- 0.00+ 0.00- |
| 250 | SHS AMES INC. USD 0.0001 V 00907362 US0311421009 | | 0 | 0.0  0.00 USD | 41.55 PA | 15,357 | 1.17  USD  55.17 | 0.00- 0.00+ 0.00- |
| 600 | SHS CISCO SYSTEMS INC. USD 0.001 V 00921844 US17275R1023 | | 0 | 0.0  0.00 USD | 16.97 PA | 13,676 | 1.05  USD  18.29 | 6.75- 0.00+ 6.75- |
| 400 | SHS CITIGROUP INC. USD 0.01 V 00942678 US1729674242 | | 0 | 1.3  1.27 USD | 46.07 PA | 18,436 | 1.40  USD  49.48 | 6.77- 0.00+ 6.77- |
| 500 | SHS PFIZER INC. USD 0.05 V 00792404 US7170811035 | | 0 | 1.0  1.00 USD | 41.18 PA | 20,459 | 1.56  USD  49.99 | 0.00- 0.00+ 0.00- |
| ----- ALTERNATIVE INVESTMENTS ----- | | | | | | | | |
| 400 | SHS ABSOLUTE EUROPE LTD, 230 CHF 50 V 00102367 CH0016426678 | | 0 | 0.0  0.00 EUR | 68.08 PA | 27,265 | 2.07  EUR  68.00  EUR/USD.94560 | 12.35- 4.34+ 7.50- |

CONVERSION RATES      EUR 0 = USD  0.94662 / USD 1 = EUR  1.10833

PAGE                          9/17.10.2001

Oct-16-01 14:07   From-1612   T-889  P.09/16   F-403

STATEMENT OF INVESTMENTS

VAT

REFERENCE CURRENCY   USD

| PN/ NUMBER | DESIGNATION SEC.-NO (1) | ISIN | DUE DATE CONVERS. FROM/TO | ANTICIPATED REPAYMENT ON PRICE DURATION (P) | GROSS YIELD WP CP | PRICE | QUOT.VAL.(WP) ACCRUED INT. TO | SHARE WW WW | AV.PCHS PRICE -SECURITY- CURRENCY | RUN REAL. P/L |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | % % | | USD | % | | % |
| 100 | STK. ABSOLUTE US LTD, ZDR CHF 30 V 00118074  CH00128874d | | | B | 0.0 0.00 USD | .222.00 PA | 22,290 | 1.69 | USD 255.50 | 4.95- 0.00 4.95- |

| | | | | | | | | USD | | |
|---|---|---|---|---|---|---|---|---|---|---|
| T O T A L OF WHICH ACCRUED INTEREST | | | | | 3.6 | | 1,315,245  100.00 24,794 | 100.00 | USD | 4.95- 0.00 4.95- |

# STATEMENT OF INVESTMENTS

VAT
SHORT ANALYSIS
VALUED AT MARKET VALUE
REFERENCE CURRENCY USD

## INVESTMENTS BY CURRENCIES

| | USD | % | YIELD |
|---|---|---|---|
| EUR EURO | 27,243 | 2.47 | 0.08 |
| SUBTOTAL EURO | 27,243 | 2.47 | 0.08 |
| USD US DOLLARS | 1,207,722 | 97.92 | 3.639 |
| JPY YEN | 10 | 1.01 | 0.00 |

| | USD | % | YIELD |
|---|---|---|---|
| T O T A L | 1,315,195 100.00 | 3.55% |

## INVESTMENTS BY COUNTRIES

| | USD | % | YIELD |
|---|---|---|---|
| UNITED STATES (USA) | 826,337 | 10.94 | 3.39 |
| SWITZERLAND | 335,761 | 10.43 | 3.22 |
| CANADA | 140,702 | 9.43 | 1.13 |
| GERMANY | 123,241 | 9.37 | 4.66 |
| NETHERLANDS | 68,525 | 3.72 | 4.03 |
| UNITED KINGDOM | 65,669 | 4.79 | 4.03 |
| LUXEMBOURG | 61,544 | 4.79 | 2.07 |
| JAPAN | 64,240 | 4.45 | 4.45 |
| FINLAND | 64,580 | 4.45 | 4.20 |
| EUROPE | 27,243 | 2.47 | 0.00 |

| | USD | % | YIELD |
|---|---|---|---|
| T O T A L | 1,315,195 100.00 | 3.55% |

## INTANGIBLE ASSETS BY SECTORS

| | USD | % | YIELD |
|---|---|---|---|
| VAR. NOT CLASS. SEC. | 80,800 | 16.31 | 1.35+ |
| FIN. HOLDING COMP. | 39,000 | 16.37 | 4.68+ |
| DRUGS | 36,000 | 15.37 | 4.01+ |
| VAR. SER. INDUSTRIES | 27,245 | 21.12 | 4.01+ |
| EL. EQUIP./ELECTR. | 10,425 | 8.02 | 1.35+ |
| BANKING/FINANCE | 10,436 | 7.31 | 1.35+ |
| OFFICE EQUIP./COMPUTER | 10,576 | 5.60 | 0.00 |

| | USD | % | YIELD |
|---|---|---|---|
| | 242,339 100.00 | 0.70% |

## NOMINAL VALUES BY CURRENCIES AND PROBABLE MATURITY IN THE CURRENCY OR SECURITY OR OF ACCOUNT

| ON SIGHT | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 |
|---|---|---|---|---|---|---|---|---|
| TOTAL USD | 199,000 | | 81,672 | 52,209 | 330,014 | 149,902 | 49,102 | 271,299 |
| % / YIELD | 9.542/5.1 | | 4.782/2.8 | 4,175/3.8 | 30.022/4.2 | 16.312/4.4 | 6.252/5.1 | 28.072/4.2 |
| JPY USD | 39,448 | 154,600 | 4,783 | 52,809 | 4,175/G1.8 | | 48,802 | 871,399 |

| | DM SIGHT | 2019 | 2020 | AFTER 2030 | CURRENCY |
|---|---|---|---|---|---|
| JPY USD | 9,229 | | | | 1,947,903 |

| | TOTAL USD | % |
|---|---|---|
| TOTAL USD | 3,949,001 100.00 | |
| JPY USD | 1,947,903 | 99.99 |
| | 40 | 0.01 |

06-18-01 14:40   From-T512                                    T-999   P.11/16   F-403

STATEMENT OF INVESTMENTS

TOTAL

VALUED AT MARKET VALUE

ESTABLISHED ON            22.08.2000
ENTRIES UP TO             21.08.2000
WITH PRICES AS OF         21.08.2000
P/L-PERIOD    01.01.2000-31.12.2000

REFERENCE CURRENCY:       USD
EVALUATION CURRENCY:      USD

| | NOMINAL VALUES USD | % | TANGIBLE ASSETS USD | % | TOTAL USD | % |
|---|---|---|---|---|---|---|
| PAGE | | | | | | |
| 2 | 206,492 | 11.05 | | | 206,492 | 11.05 |
| 2 | 30,174 | 2.10 | | | 30,174 | 2.10 |
| 3 | 826,377 | 44.48 | | | 826,377 | 44.48 |
| 4 | | | 204,017 | 39.47 | 204,017 | 39.47 |
| 5 | 1,052,043 | 60.53 | 504,017 | 39.47 | 1,257,660 | 100.00 |
| diff. | | | | | 25,292 | |

SUMMARY ACCORDING TO INVESTMENT CATEGORIES

INVESTMENTS

L I Q U I D I T Y
INVESTMENTS UP TO ONE YEAR
B O N D S & SIMILAR INVEST.
SHARES & SIMILAR INVEST.

TOTAL
OF WHICH ACCRUED INTEREST

SHORT ANALYSES
LEGEND

Account 21,2000

STATEMENT OF INVESTMENTS

TOTAL

REFERENCE CURRENCY  USD

| NR/ NUMBER | DESIGNATION SEC. NO (V) | ISSIN | ONE DATE CRAVERS, FROM/TO | ANTICIPATED REPAYMENT ON PRICE | GROSS YIELD % | % CP | PRICE | QUOT.VAL.(OV) ACCRUED INT. TO | SHARE -SECURITY ON OV % | AV.PCHS PRICE -SECURITY -CURRENCY % | NON REAL. P/L % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ----- L I Q U I D I T Y ----- | | | | | | | USD | | | |
| 5,249 | 5,249 TRANSACTION ACCOUNT | | | D | 0.03 | | | 46 | 9.00 JPY/USD.00946 | | 0.00- 2.76- 2.76- |
| 265,523.66 | TRANSACTION ACCOUNT NUOR.USD INVEST | | | D | 0.00 | | | 146,924 | 11.40 | | 0.00- 0.00- 0.00- |
| 20 | 520.65 CURRENT ACCOUNT NUORK BPO'S | | | N | 0.00 | | | 520 | 0.04 | | 0.00- 0.00- 0.00- |
| | ---- INVESTMENTS UP TO ONE YEAR ---- | | | | | | | | | | |
| 30,900 | 0.3 X CERT.OF DEPOSIT CREDIT SUISSE (GUERNSEY) LTD 21.07.2000-11.10.2000 V 08832WH0 D20 DUE DATE 11.10.2000 | | 11.10. A | B | 4.0 6.02 | | 99.6752PF | 29,952 212 | 2.00 | 100.00% | 0.13- 0.00 0.28- |
| | ----- B O N D S I SIMILAR INVEST. ----- | | | | | | | | | | |
| | ----- US DOLLARS / BONDS ----- | | | | | | | | | | |
| 60,000 | A 1/2 X THE EXPORT-IMPORT BANK OF JAPAN GREY JAPAN BANK FOR INTERNATIONAL COOPERATION -JBIC-1 1948-6.10.05 V 08009262X DRI X39060242572 | | 06.10. A | E | 7.3 6.37 | | 96.502AV | 57,500 3,615 | 4.00 | 100.00% | 4.07- 0.00 4.07- |
| 60,000 | 6 X PROVINCE OF ONTARIO 1948-21.2.06 V 00948W25 SOL U56832KA000 | | 21.02. S | E | 7.3 6.00 | | 95.46%03 | 57,276 | 4.85 | 96.40% | 0.97- 0.00 0.97- |
| 60,000 | 5 7/8 X REPUBLIC OF FINLAND 1944-27.2.06 V 08036074X DRI U68L78078634 | | 27.03. S | E | 7.0 6.10 | | 95.58X8X 00.98.00 | 57,180 1,704 | 4.60 | 99.08% | 3.78- 0.00 3.78- |
| 60,000 | 7 X NABES TOYOTA MOTOR CREDIT CORP. 3907-11.6.07 SENIOR V 000A249X6 DRI X98077L60544 | | 11.06. A | E | 7.1 6.97 | | 99.00XP7 | 57,600 817 | 4.77 | 100.18% | 1.14- 0.00 1.14- |

CONVERSION RATES   JPY 1 = USD  0.00920 / USD 1 = JPY 108.66054

STATEMENT OF INVESTMENTS

TOTAL

REFERENCE CURRENCY    USD

| NAV INDEX | DESIGNATION SEC.-ISO (V) | ISIN | DUE DATE CONVERS. FROM/TO | ANTICIPATED REPAYMENT PRICE | ON | REFERENCE CURRENCY % | GROSS YIELD NP CP % | PRICE | QNOT.VOL.(QV) ACCRUED INT. TO USD % | SHARE QU QU % | AV.PURS PRICE -SECURITY -CURRENCY | NON REAL. P/L % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AD | 60,000 6 1/2 % EURO MEDIUM-TERM NOTES COCA-COLA AMATIL LTD 1997-0.9.03 SENIOR 030679460 DE1 XS0079139163 | | 06.09. A | | E | 7.0 6.45 | | 97.56%AV | 59,860 3,789 | 6.95 | 109.15% | 2.60- 0.90 2.60- |
| USD | 50,500 5 3/4 % EURO MEDIUM-TERM NOTES KFW INTERNATIONAL FINANCE, INC. 1990-15.1.08 010587995 DE1 XS0083982849 | | 15.01. A | | E | 7.0 6.31 | | 92.82%PA | 46,637 1,725 | 3.85 | 96.35% | 36.60- 0.00 3.60- |
| USD | 60,000 5 3/8 % EURO MEDIUM-TERM NOTES EUROPEAN INVESTMENT BANK BID 1998-3.2.05 000842916 DE1 XS0098919363 | | 03.02. A | | E | 7.1 5.93 | | 94.20%PA 08.00.00 | 56,820 1,856 | 4.66 | 98.36% | 4.91- 0.00 4.01- |
| USD | 70,500 6 % EURO MEDIUM-TERM NOTES FREDDIE CAPITAL CORP. 000843807 DE1 XS0084019465 | | 11.02. A | | E | 7.2 5.87 | | 92.94%PA%AV | 65,044 2,217 | 5.35 | 94.36% | 1.44- 0.00 1.00 |
| USD | 89,000 6 % EURO MEDIUM-TERM NOTES, NV BANK NEDERLANDSE GEMEENTEN NV, DEN HAAG 1998-6.2.06 000846867 DE1 XS0084162869 | | 06.02. A | | E | 7.0 6.70 | | 93.90%PA | 75,180 2,600 | 6.18 | 95.03% | 2.91- 0.00 2.91- |
| USD | 80,900 5 3/8 % CANADA 1998-19.2.03 000851649 DE1 US135087RM24 | | 19.02. B | | E | 6.9 5.99 | | 97.20%2B | 48,680 14 | 3.87 | 99.30% | 1.91- 0.00 1.90- |
| USD | 65,000 6 % EURO MEDIUM-TERM NOTES MERRILL LYNCH & LANDESBANK RHEINLAND-PFALZ LANDESBANK CAPITAL MARKETS PLC GMBH LANDESBANK BADEN-WÜRTTEMBERG CAPITAL MARKETS PLC 1998-23.3.05 STADER 000843749 DE1 XS0086443517 | | 23.03. A | | E | 7.3 6.17 | | 95.44%2A | 87,276 3,600 | 6.67 | 99.15% | 3.72- 0.00 3.72- |
| USA | 60,000 6 3/8 % NOTES MERRILL LYNCH & CO. INC. 1998-3.4.08 SENIOR 000371928 DE1 US59038J0213 | | 03.04. A | | B | 7.7 6.76 | | 93.87%2AV | 54,563 1,646 | 4.52 | 97.60% | 2.36- 0.20 2.36- |
| USD | 60,000 5 1/4 % EURO MEDIUM-TERM NOTES INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT WORLD BANK IBRD 1999-18.1.09 000408634 DE1 XS0094677376 | | 18.01. A | | E | 6.9 6.76 | | 89.66%AV%AV | 53,521 1,716 | 4.63 | 89.77% | 0.97- 0.08+ 0.97- |

PAGE    3/22/00.8000

STATEMENT OF INVESTMENTS

TOTAL

REFERENCE CURRENCY    USD

| PAV NUMBER | DESIGNATION SEC.-NO (V) | ISIN | DUE DATE CONVERS. FROM/TO | ANTICIPATED REPAYMENT ON PRICE | GROSS YIELD NP CP | PRICE | QUOT.VAL.(REV) ACCRUED INT. TO | SHARE ON QV | AV.PCHS PRICE -SECURITY -CURRENCY | NON REAL. P/L |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | % % | USD | | % | | % |
| 76,904 | S. 1/4 X EURO MEDIUM-TERM NOTES COOPERATIVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A. RABOBANK NEDERLAND 1999-29.1.09 V 010603718    XS0095256011 | | 29.01.A | 6 | 7.0 6.74 | 84,5627A | 42,650 2,911 | 2.42 | 6.16 | 1.23- 0.00 1.23- |
| | | | | | | | | | | |
| S H A R E S  &  S I M I L A R  I N V E S T. ------- | | | | | | | | | | |
| ----- JAPAN ---- | | | | | | | | | | |
| 2,290 | CSFB TOPIX INDEX FUND CREDIT SUISSE FIRST BOSTON 1999-16.3.01 U 007740A4    DOL CH0007941669 | | B | 0.0 0.00 JPY | | 1,976 XI | 39,925 | 2.42 | JPY 3,655 JPY/USD.0094 | 8.60- 3.16- 11.80- |
| | | | | | | | | | | |
| ----- UNITED STATES OF AMERICA ----- | | | | | | | | | | |
| 561 | SMS AMGEN INC. USD 0.0001 V 009407002    US0311621009 | | D | 0.0 0.00 USD | | 67.25 PA | 22,665 | 3.02 | USD 74.40 | 9.60- 0.60- 9.60- |
| | | | | | | | | | | |
| OLD | SMS CISCO SYSTEMS INC. USD 0.001 V 009313646    US17275R1023 | | D | 0.0 0.00 USD | | 65.160 PA | 39,953 | 3.13 | USD 58.67 | 26.716 0.00 26.716 |
| 1,165 | SMS COMPAQ COMPUTER CORP. USD 0.01 U 009490023    DOL US2044901002 | | 0 | 0.3 0.86 USD | | 28.128 PA | 39,094 | 3.03 | USD 27.62 | 35.904 0.00 35.904 |
| 690 | SMS GENERAL ELECTRIC CO. USD 0.16 V 009231071    DOL US3696041033 | | 0 | 0.9 1.35 USD | | 56.875 PA | 36,849 | 2.74 | USD 33.56 | 63.024 0.00 63.024 |
| 852 | SMS PFIZER INC. USD 0.05 V 008962005    DOL US7170811015 | | B | 0.8 1.44 USD | | 43.615 PA | 37,159 | 2.56 | USD 29.96 | 24.77% 0.00 24.77% |
| 1,129 | SMS WORLDCOM INC DOI US5790176D1043 | | 0 | 0.0 0.00 USD | | 35.825 PA | 39,360 | 3.13 | USD 43.46 | 39.13- 0.00 39.13- |
| | | | | | | | | | | |
| DIFFERENCE OF ROUNDING | | | | | | | | | | |

T O T A L
OF WHICH ACCRUED INTEREST

6.0

1,287,660
25,292

189.00

0.03-

CONVERSION RATES    JPY 1 = USD 0.00920 / USD 1 = JPY 108.6483%

STATEMENT OF INVESTMENTS
TOTAL
S N D A Y   A N A L Y S E S
VALUED AT MARKET VALUE
REFERENCE CURRENCY USD

## INVESTMENTS BY CURRENCIES

| | USD | % | YIELD |
|---|---|---|---|
| USD US DOLLARS | 1,727,187 | 97.58 | 5.13* |
| JPY YEN | 30,473 | 2.42 | 0.00 |

## INVESTMENTS BY COUNTRIES

| | USD | % | YIELD |
|---|---|---|---|
| UNITED STATES OF AMERICA | 656,446 | 36.16 | 6.83* |
| SWITZERLAND | 144,692 | 11.66 | 5.34 |
| NETHERLANDS | 142,401 | 11.33 | 7.97* |
| CANADA | 105,692 | 8.42 | 7.06* |
| JAPAN | 91,738 | 7.29 | 9.91* |
| AUSTRALIA | 62,259 | 4.95 | 5.48* |
| FINLAND | 59,464 | 4.68 | 7.03* |
| UNITED KINGDOM | 56,795 | 4.47 | 7.18* |
| LUXEMBOURG | 56,374 | 4.48 | 7.18* |
| OTHERS | 720,308 | 4.28 | 6.94* |
| | 2,257,660 | 100.00 | 5.00* |

## TANGIBLE ASSETS BY SECTORS

| | USD | % | YIELD |
|---|---|---|---|
| OFFICE EQUIP./COMPUTER | 78,019 | 31.80 | 0.11* |
| DRUGS | 60,296 | 24.82 | 0.54* |
| TELEPHONE/TELEGRAPH | 39,543 | 16.07 | 0.00 |
| EL. EQUIP./ELECTR. | 36,989 | 15.18 | 0.97* |
| VAR. NOT CLASS. SEC. | 30,625 | 12.43 | 0.00 |
| | 244,617 | 100.00 | 0.33* |

## RESIDUAL VALUES BY CURRENCIES AND PROBABLE MATURITY IN THE CURRENCY OF SECURITY OR OF ACCOUNT

| | ON SIGHT | 2000 | AFTER 2009 | CURRENCY | TOTAL USD | % |
|---|---|---|---|---|---|---|
| | | | | | | |

| | 2008 | 2009 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | | | | | | | | |

| USD | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| JPY | 8,269 | | | | | | | | |
| USD | 166,544 | 247,962 | | | | 107,300 | 171,691 | 114,456 | 57,460 |
| TOTAL USD | 166,672 | 83,862 | | 5,204 | 48 0.00 | 107,300 | 171,691 | 114,456 | 99,608 |
| % / YIELD | 16,850/6.0 | 7,732/6.0 | | 987,505 | 987,505 100.00 | 10,562/7.2 | 12,530/7.2 | 13,502/7.1 | 6.01%/7.2 |
| JPY | 241,904 | 116,461 | | 5,204 | 44 0.00 | | | | |
| USD | 293,906 | 126,461 | | 987,505 | 987,505 100.00 | | | | |
| TOTAL USD | 84,502/7.3 | 126,461 | | 997,501 | 997,511 100.00 | | | | |
| % / YIELD | 11.7%/7.0 | 11.7%/7.0 | | 1.00%/7.1 | 100%/7.1 | | | | |

STATEMENT OF INVESTMENTS

TOTAL

REFERENCE CURRENCY        USD

KEY TO EXPLAINING THE MEANING OF THIS LIST

APPLICABLE ACCOUNT, OPTIONS AND FUTURES STATEMENT
INCLUDES ONLY ITEMS DEPOSITED IN SAFEKEEPING ACCOUNT (VALUABLES, METALS, DOCUMENTS, ETC./ -> DESIGNATION V).

PAYMENT OF INVESTMENTS/PERFORMANCE ANALYSES
INCLUDES ITEMS DEPOSITED IN SAFEKEEPING ACCOUNT (VALUABLES, METALS, DOCUMENTS, ETC./ -> DESIGNATION V), THE BALANCES OF ACCOUNTS AND OF (SAVINGS) BOOKLETS DEPOSITED WITH US AS WELL AS FIDUCIARY TIME DEPOSITS (-> DESIGNATION C) AND FORWARD TRANSACTIONS IN FOREIGN EXCHANGE, IN FOREIGN NOTES AND COINS, IN PRECIOUS METALS AND SECURITIES.

HOWEVER, THE FOLLOWING ITEMS/TRANSACTIONS ARE NOT INCLUDED: CONSTRUCTIONS (OINS AND MORTGAGE DEBTS, CONSUMER CREDITS(LOANS); COMMITMENTS IN THE FORM OF, BILLS OF EXCHANGE AND ACCEPTANCES), LETTERS OF CREDIT, FIDUCIARY LOANS, SURETIES, GUARANTEES AND THE LIKE; INVESTMENT PLANS AS WELL AS PENDING TRANSACTIONS.

VALUATION OF THE SECURITIES FORWARD FIXED AND FORWARD PREMIUM POSITIONS OCCURS AT THE SPOT RATES.

IMPORTANT !

ACCORDING TO ARTICLE 7 PARAGRAPH 2 OF OUR BANK'S GENERAL CONDITIONS STATEMENTS ARE CONSIDERED AS APPROVED IN THOSE CASES WHERE POSSIBLE OBJECTIONS HAVE NOT REACHED THE BANK WITHIN ONE MONTH. THE SAME APPLIES WHEN ACKNOWLEDGMENT FORMS REQUESTED BY THE BANK IN CERTAIN CIRCUMSTANCES HAVE NOT BEEN RECEIVED BY IT. IN CASE OF DIFFERENCES, OUR MANAGEMENT OR THE HEAD OF THE BRANCH IN QUESTION SHOULD BE NOTIFIED.

CONVERSION RATES
----------------
JPY   1 = USD        0.0092 / USD   1 = JPY        108.66

ABBREVIATIONS
-------------

| TYPE OF PRICE | | |
|---|---|---|
| : DATE / TYPE OF YIELD | TYPE OF PRICE | BI  = BID |
| E  = FINAL MATURITY | DUE DATE OF INTEREST | |
| F  = PROBABLE MATURITY | | |
| D  = CURRENT YIELD | | A  = ANNUALLY |
| | | S  = HALF-YEARLY |
| | YIELD | HP = MARKET PRICE |
| PA : PAID | | CP = AVERAGE PURCHASE PRICE |
| FP : FIXED PRICE | | X  = INCOMPL. AND INDICATIONS |
| AV : AVERAGE PRICE | ANALYSES | |

Parcel Information

# MIAMI-DADE COUNTY
## PROPERTY APPRAISER PUBLIC ACCESS

### Folio: 24-5205-049-1310

Use scroll bar to view complete information.

| | | | |
|---|---|---|---|
| FOLIO NUMBER: | 24-5205-049-1310 | | |
| ADDRESS: | 445 GRAND BAY DR PH-2B | | |
| MAILING ADDRESS: | ROY AZIM & ZUKHRA NURMATOVA , 445 GRAND BAY DR #PH-2B , KEY BISCAYNE FL , , 33149-1910 | | |
| CLUC: | 0007 RESIDENTIAL- CONDOMINIUM | | |
| PRIMARY ZONE: | 9400 PLANNED | | |
| BEDROOMS: | 3 | BATHS: | 4 |
| FLOORS: | 0 | LIVING UNITS: | 1 |
| ADJ SQUARE FOOTAGE: | 3,320 | LOT SIZE: | 0 SQ FT |
| YEAR BUILT: | 1996 | | |
| LEGAL DESCRIPTION: | GRAND BAY RESIDENCES CONDO UNIT PH-2B UNDIV 0.7819% INT IN COMMON ELEMENTS OFF REC 17374-0773 OR 18905-2310 1199 5 | | |
| SALE O/R:  17834-2862 | SALE MONTH:  10 | SALE YEAR:  1997 | SALE AMOUNT:  $ 1,275,000 |

| | | | |
|---|---|---|---|
| ASSESSMENT YEAR: | 2001 | ASSESSED VALUE: | $ 1,147,610 |
| LAND VALUE: | $ 0 | HOMESTEAD EXEMPTION: | $ 0 |
| BUILDING VALUE: | $ 0 | WIDOW EXEMPTION: | $ 0 |
| MARKET VALUE: | $ 1,147,610 | TOTAL EXEMPTIONS: | $ 0 |
| | | TAXABLE VALUE: | $ 1,147,610 |

| | | | |
|---|---|---|---|
| ASSESSMENT YEAR: | 2000 | ASSESSED VALUE: | $ 1,092,960 |
| LAND VALUE: | $ 0 | HOMESTEAD EXEMPTION: | $ 0 |
| BUILDING VALUE: | $ 0 | WIDOW EXEMPTION: | $ 0 |
| MARKET VALUE: | $ 1,092,960 | TOTAL EXEMPTIONS: | $ 0 |
| | | TAXABLE VALUE: | $ 1,092,960 |

Owner Search    Address Search    Folio Number Search
Home Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _01-3622- PALER_

UNITED STATES OF AMERICA,

v.

Roy Azim
_____

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

FILED by _____ D.C.
MAG. SEC.
OCT 17 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

COMES NOW ___Jayne Weintraub___ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Name **(Printed)** ___Jayne Weintraub___

Counsel's Signature ___Jayne W___

Address ___100 SE 2d St 3350 -___

___Miami___          ZIP CODE: _____

Telephone ___(305) 374-1818___

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. ___01-3622-PALERMO___

UNITED STATES OF AMERICA

                    Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _English_
Tape No. _01A-104-2679_
AUSA _E. J. Ybra_
Agent _____

v.

RAY AZIM a/k/a
OROZAKHUM FAIZIEVICH SAIDAZIMOV
        Defendant.            DOB: 4-1-57            Reg# 67884-004
_____/

FILED by MAG SEC
OCT 17 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI
D.C.

        The above-named defendant having been arrested on __10-16-01__ having appeared
before the court for initial appearance on ___10-17-01___ and proceedings having
been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:
1. _Wayne Weintraub_ appeared as permanent/temporary counsel of record.
Address _100 S.E. 2nd Street, Suite 3550, Miami, FL_
Zip Code: _____ Telephone: _(305) 374-1818_
2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
_10-22-_, 2001 11-6-01
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _10-31-_ _11_, 2001.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or
(f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2001.
6. The defendant shall be release from custody upon the posting of the following type of appearance
bond, pursuant to 18 U.S.C. Section 3142: _Stipulated $500,000, csb w/nebbia_

This bond shall contain the standard conditions of bond printed in the bond form of this Court and,
in addition, the defendant must comply with the special conditions checked below:
✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows: _2_ times a week by phone, ___time a week in person;
    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

Page 1 of 2

 ROY AZIM a/k/a OROZAKHUM FAIZIEVICH SAIDAZIMOV

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
✓j. Comply with the following additional special conditions of this bond: _____
_Maintain current residence; travel restricted_
___ _to SD/FL_____
This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

     If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
   conditions set forth herein or those later ordered by the court, the defendant is subject to arrest
   and revocation of release and to various civil and criminal sanctions for any violation of those
   conditions.  These various sanctions and penalties are set forth more fully in the Appearance
   Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
   has been executed in accordance with this or subsequent court order.

     **DONE AND ORDERED** at Miami, Florida, this   17th    day of OCTOBER_____
2001 .

                                        _____
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

MAY. -15 00(MON) 13:01   USMS MIAMI FL                    TEL:305 536 4684                    P. 001

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

        Plaintiff

      v.

       Roy Azim

       Defendant

CASE NO. 01-3622-Palermo

REPORT COMMENCING CRIMINAL ACTION

67884 COA

*[stamp: FILED by ___ MAG SEC OCT 17 2001 CLARENCE MADDOX CLERK U.S. DIST CT. S.D. OF FLA.-MIAMI D.C.]*

TO: CLERK'S OFFICE
U.S. DISTRICT COURT

All items indicated are to be completed. Information not applicable or unknown will be indicated as "N/A".

1. Date and time of arrest: 10/16/2001 @ 12:40 pm

2. Spoken language: Russian / English

3. Offense(s) charged: Visa Fraud

4. U.S. Citizen    ☐ YES    ☒ NO    ☐ UNKNOWN

5. Date of birth: 4/1/1957

6. Type of charging document: (Check One)

    ☐ INDICTMENT    ☒ COMPLAINT TO BE FILED/ALREADY FILED

    CASE NO._____    CASE NO. 01-3622-Palermo

    DISTRICT: SDF    (Where warrant or complaint is filed.)

    ☐ BENCH WARRANT FOR FAILURE TO APPEAR

    ☐ PROBATION VIOLATION WARRANT

    ☐ PAROLE VIOLATION WARRANT

    COPY OF WARRANT LEFT WITH BOOKING OFFICER:    ☐ YES    ☐ NO

    AMOUNT OF BOND._____

    WHO SET BOND._____

7. REMARKS:_____

_____

8. DATE:_____    9._____

                        ARRESTING OFFICER

10. AGENCY:_____    11._____

                        PHONE NO.

AO 442 (Rev. 12/85) Warrant for Arrest   AUSA PAUL SCHWARTZ          S/A CHRISTINA D. BURT (FBI)

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

v.

ROY AZIM
a/k/a Orozakhum Faizievich Saidazimov

## WARRANT FOR ARREST

CASE NUMBER:  01-3622 -
Palermo

TO:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   ROY AZIM a/k/a Orozakhum Faizievich Saidazimov

Name

and bring him forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☒ Complaint   ☐ Order of court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him with knowingly making false statement in application for United States Visa,

in violation of Title 18    United States Code, Section  1546

FILED BY ___ D.C.

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FL. - FT. L.

OCT 16
P12:22

LURANA S. SNOW
Name of Issuing Officer

UNITED STATES MAGISTRATE JUDGE
Title of Issuing Officer

(signature)
Signature of Issuing Officer

October 16, 2001 - Fort Lauderdale, Florida
Date and Location

Bail fixed at $ PRETRIAL DETENTION requested   by  Lurana S. Snow
LURANA S. SNOW, U.S. MAGISTRATE JUDGE
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

2nd

· AO 91 (Rev. 5/85) Criminal Complaint AUSA   ul F. Schwartz - FBI/Christina   rt

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

**ROY AZIM**

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: $01-3622-$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On May 28, 1997, in <u>Dade County</u>, and elsewhere, in the <u>Southern</u> District of _____Florida_____ defendant(s) did, (Track Statutory Language of Offense) knowingly make a false statement in application for United States Visa,

in violation of Title ___18___ United States Code, Section(s) ___1546___

We further state that we are ___Special Agent of the FBI___ and that this complaint is based on the following facts:

Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x]Yes  [ ]No

_Christina D. Burt_
Signature of Complainant
Christina D. Burt
Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

<u>10/16/01</u>
Date

at  <u>Fort Lauderdale, Florida</u>
City and State

LURANA S. SNOW
<u>UNITED STATES MAGISTRATE JUDGE</u>
Name and Title of Judicial Officer

_Lurana S. Snow_
Signature of Judicial Officer

## Affidavit

I, Christina D. Burt, being duly sworn in a manner provided by law, hereby depose and state the following:

1.    I have been a Special Agent with the Federal Bureau of Investigation (FBI) for approximately 2-1/2 years.  The information contained herein is information known to me personally as well as information that I have been told by other law enforcement agents in Miami, Florida.

3.    The information contained in this affidavit is submitted in support of a criminal complaint against ROY AZIM a/k/a Orozakhun Faizievich Saidazimov for violating 18 U.S.C. § 1546 by knowingly making a false statement under oath with respect to a material fact in his application for a United States immigrant visa.

4.  On or about July 24, 1981, in the Kyrgyz Republic of the former Soviet Union, Orozakhun Faizievich Saidazimov was convicted of the following criminal acts: the infliction of serious bodily harm, receiving property by deceit, and various drug related offenses in violation of the criminal laws of the Kyrgyz Republic and was sentenced to, <u>inter alia</u>, five years of incarceration.

5.   On or about January 14, 1997, Orozakhun Faizievich Saidazimov changed his name to Roy Azim.

5. On May 28, 1997, Orozakhun Faizievich Saidazimov applied for a Visa at the American Embassy in Moscow. In that application, Orozakhun Faizievich Saidazimov stated that he had never been arrested or convicted of a criminal offense.  This application was false in that Orozakhun Faizievich Saidazimov had, in fact, been both arrested and convicted of the criminal offenses as set froth above.

6.   On or about June 6, 1997, Orozakhun Faizievich Saidazimov arrived in the United States at New York, New York. Orozakhun Faizievich Saidazimov was admitted as a permanent resident alien on that date.  Orozakhun Faizievich Saidazimov status as a permanent residence was obtained by fraud in that he falsely stated that he had never been arrested or convicted of a criminal offense.

7.   On or about August 15, 1997 Orozakhun Faizievich Saidazimov applied with the Immigration and Naturalization Service (INS) for a change of name and requested that his name be changed to Roy Azim.  On June 1, 1998 this application was

2

granted.  As evidence of his change of name, Orozakhun Faizievich

Saidazimov submitted a document from the Republic of Kyrgystan

*(the)* ~~Republic~~ filed January 15, 1997, indicating that his name was

changed to Roy Azim on January 14, 1997.

8.   On July 10, 1998 the convictions of Orozakhun

Faizievich Saidazimov were overturned by the Supreme *aec* Curt of the

Kyrgyz Republic.  However, this decision was entered after

Orozakhun Faizievich Saidazimov had falsely stated that he had

never been convicted of a criminal offense.  Moreover, the

application for the Immigrant Visa required the applicant to

state whether he had ever been arrested, sentenced in court,

served a prison term.  Thus, there would have been a material

false statement even if the applicant's conviction had not been

overturned.

9.   On August 16, 2001, a Florida Department of Motor

vehicles check was conducted and reveled that ROY AZIM applied

for and received a duplicate Florida drivers license on June 6,

2001, utilizing 445 Grand Bay Drive, #PH2, Key Biscayne FL 33149

as his permanent residential address.  Thus, Roy Azim is

3

currently residing in the Southern District of Florida and as

such venue is proper in the Southern District of Florida under 18

U.S.C. 3238.

Christina D. Burt
Special Agent
Federal Bureau of Investigation


SWORN TO AND SUBSCRIBED before me on


LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

4